IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:24-cv-00646 |
| | ) |
| v. | ) |
| | ) |
| ROYCE E. MITCHELL; | ) |
| SUSAN A. MITCHELL; | ) |
| A.I.M. CONTROLS, LLC; | ) |
| STEVE CROES, Trustee for AIM Group Trust | ) |
| and RESAM Holdings Trust; and | ) |
| ANN HARRIS BENNETT, Harris County Tax | ) |
| Assessor-Collector, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401–7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action seeking (1) judgments against Royce E. Mitchell and Susan A. Mitchell (together, "the Mitchells") for certain assessed but, unpaid federal tax liabilities; (2) a judicial determination that Defendant, A.I.M. Controls, LLC is an Alter Ego of the Mitchells that is liable for the Mitchells' federal tax liabilities at issue in this suit; and (3) a judicial determination that Defendant, A.I.M. Controls, LLC, is holding certain real property as the Mitchells' Nominee and that the United States is entitled to enforce its federal tax liens against such real property to satisfy the Mitchells' unpaid federal tax liabilities. In support of its Complaint, the United States alleges as follows:

-1-

**JURISDICTION, VENUE, AND PARTIES**

1. This Court has jurisdiction over this matter pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the Defendants reside and conduct business in this district, the tax liabilities at issue arose with respect to activities in this district, and the real property at issue is located in this district.

3. Plaintiff is the United States of America.

4. Defendants, Royce E. Mitchell and Susan A. Mitchell, are married and reside together in Brazoria County, Texas, within this Court's jurisdiction.

5. Defendant, A.I.M. Controls, LLC, is a limited liability company registered under the laws of the State of Texas with its principal address in Harris County, Texas, within this Court's jurisdiction. A.I.M. Controls, LLC may be served through its Registered Agent, Royce E. Mitchell.

6. Defendant, Steve Croes, in his capacity as the Trustee for the AIM Group Trust and the RESAM Holdings Trust (which are both members of A.I.M. Controls, LLC), is joined as a party pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the real property against which the United States is seeking to enforce its liens. Mr. Croes resides in and may be served in Harris County, Texas, within this Court's jurisdiction.

7. Defendant, Ann Harris Bennett, in her official capacity as the Harris County, Texas Tax Assessor-Collector, is joined as a party pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in ad valorem taxes due and owing on the real property against which the United States is seeking to enforce its liens. Ms. Bennett may be served at her place of business in Harris County, Texas, within this Court's jurisdiction.

## COUNT 1
**JUDGMENT AGAINST ROYCE E. MITCHELL FOR INDIVIDUAL INCOME TAX LIABILITIES**

8. On the following dates, a delegate of the Secretary of the Treasury assessed against Defendant, Royce E. Mitchell, the following individual federal income taxes and penalties (collectively, the "Royce Income Tax Liabilities"), which have balances due with accruals and costs as of February 15, 2024, as follows:

| Tax Period | Assessment Date | Assessment Type | Amount Assessed | Balance Due 02/15/2024 |
|---|---|---|---|---|
| 2001 | 04/08/2013 | Tax | $18,551.00 | $71,119.77 |
|  | 04/08/2013 | Fraudulent Failure to File Penalty | $13,449.48 |  |
|  | 04/08/2013 | Late Payment Penalty | $4,637.75 |  |
|  | 04/08/2013 | Estimated Tax Underpayment Penalty | $741.35 |  |
| 2003 | 06/08/2015 | Tax | $11,730.00 | $48,606.04 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $8,787.50 |  |
|  | 09/07/2015 | Late Payment Penalty | $175.95 |  |
|  | 11/04/2019 | Late Payment Penalty | $2,445.05 |  |
| 2004 | 06/08/2015 | Tax | $16,403.00 | $73,185.48 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $12,302.25 |  |
|  | 08/31/2015 | Late Payment Penalty | $246.04 |  |
|  | 11/04/2019 | Late Payment Penalty | $3,854.70 |  |
| 2005 | 06/08/2015 | Tax | $16,995.00 | $72,130.55 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $12,746.25 |  |
|  | 08/31/2015 | Late Payment Penalty | $254.92 |  |
|  | 11/04/2019 | Late Payment Penalty | $3,993.82 |  |
| 2006 | 06/08/2015 | Tax | $5,143.00 | $20,311.76 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $3,857.25 |  |
|  | 08/31/2015 | Late Payment Penalty | $77.14 |  |
|  | 11/04/2019 | Late Payment Penalty | $1,208.60 |  |
| **Total** |  |  |  | **$285,353.60** |

9. A delegate of the Secretary of the Treasury gave notice and demand for payment of the Royce Income Tax Liabilities to Defendant, Royce E. Mitchell. Despite such notice and demand for payment, Defendant, Royce E. Mitchell, has to date failed, neglected, or refused to pay the Royce Income Tax Liabilities.

10. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the Royce Income Tax Liabilities had a $285,353.60 unpaid balance due of as of February 15, 2024.

11. 26 U.S.C. § 6502(a) provides that the statute of limitations for collection of federal tax assessments expires 10 years after the date of assessment unless some tolling event occurs to extend the standard 10-year period. *See* 26 U.S.C. §§ 6502(a), 6503(a)(1). This action is brought within the standard 10-year statute of limitations for collection of all the assessments described above, except for those assessments for tax year 2001.

12. Though the Internal Revenue Service assessed the tax year 2001 Royce Income Tax Liabilities more than 10 years ago, as discussed further below, Defendant, Royce E. Mitchell, has caused the statute of limitations for collection of such assessments to be tolled by at least 1,488 days, making May 5, 2027, the earliest expiration date of such statute of limitations.

13. Under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended for any period during with the Internal Revenue Service cannot collect the tax by levy or proceeding in court, plus 60 days afterward. *See* 26 U.S.C. § 6503(a)(1). Examples of periods during which the Internal Revenue Service is prohibited from pursuing a levy or other collection activity include, among other things:

    a. Any time during which a collections due process ("CDP") hearing requested by a taxpayer with respect to the liability is pending (*see* 26 U.S.C. § 6330(e)(1));

    b. Any time during which a taxpayer's Offer in Compromise ("OIC") with respect to the liability is pending before the Internal Revenue Service, plus (if rejected) 30 days after the Internal Revenue Service's rejection of such Offer in Compromise (*see* 26 U.S.C. § 6331(k)(1)); and

c. Any time during which a taxpayer's request for an installment agreement ("IA") with respect to the liability is pending before the Internal Revenue Service (*see* 26 U.S.C. § 6331(k)(2)(A)).

14. As described in the below chart, each of the above examples applied to prevent the Internal Revenue from collecting the tax year 2001 Royce Income Tax Liabilities during the periods listed, thereby tolling the statute of limitations for collection of such liabilities by the number of days listed:

| Beginning Date | Ending Date | Event | Days tolled |
|---|---|---|---|
| 08-06-2014 | 01-12-2015 | CDP Hearing Pending | 159 |
| 06-26-2015 | 01-18-2018 | OIC Pending | 937 plus 30 (967) |
| 02-10-2020 | 02-06-2021 | IA Pending | 362 |
| Total | | | 1,488 days |

15. Accordingly, because the statute of limitations for collection of the tax year 2001 Royce Income Tax Liabilities was tolled by at least 1488 days, this action to collect such liabilities is timely.

16. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment determining that Defendant, Royce E. Mitchell, is liable to the United States for the Royce Income Tax Liabilities described above in the aggregate amount of $285,353.60 as of February 15, 2024, for federal income tax assessments arising out of tax years 2001, 2003, 2004, 2005, and 2006, plus statutory additions, and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. §§ 6601 and 6621, and 28 U.S.C. § 1961(c), until paid.

## COUNT 2
### JUDGMENT AGAINST SUSAN A. MITCHELL FOR INDIVIDUAL INCOME TAX LIABILITIES

17. On the following dates, a delegate of the Secretary of the Treasury assessed against Defendant, Susan A. Mitchell, the following individual federal income taxes and penalties

(collectively, the "Susan Income Tax Liabilities"), which have balances due with accruals and costs as of February 15, 2024, as follows:

| Tax Period | Assessment Date | Assessment Type | Amount Assessed | Balance Due 02/15/2024 |
|---|---|---|---|---|
| 2003 | 06/08/2015 | Tax | $11,730.00 | $54,950.95 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $8,797.50 |  |
|  | 07/27/2015 | Late Payment Penalty | $58.65 |  |
|  | 11/09/2015 | Late Payment Penalty | $234.60 |  |
|  | 11/18/2019 | Late Payment Penalty | $2,639.25 |  |
| 2004 | 06/08/2015 | Tax | $16,403.00 | $74,007.24 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $12,302.25 |  |
|  | 07/27/2015 | Late Payment Penalty | $82.01 |  |
|  | 11/09/2015 | Late Payment Penalty | $328.06 |  |
|  | 11/18/2019 | Late Payment Penalty | $3,690.68 |  |
| 2005 | 06/08/2015 | Tax | $16,995.00 | $72,160.79 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $12,746.25 |  |
|  | 07/27/2015 | Late Payment Penalty | $84.97 |  |
|  | 11/09/2015 | Late Payment Penalty | $339.90 |  |
|  | 11/18/2019 | Late Payment Penalty | $3,823.88 |  |
| 2006 | 06/08/2015 | Tax | $5,143.00 | $20,320.86 |
|  | 06/08/2015 | Fraudulent Failure to File Penalty | $3,857.25 |  |
|  | 07/27/2015 | Late Payment Penalty | $25.71 |  |
|  | 11/09/2015 | Late Payment Penalty | $102.86 |  |
|  | 11/18/2019 | Late Payment Penalty | $1,157.18 |  |
| **Total** |  |  |  | **$221,439.84** |

18.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the Susan Income Tax Liabilities to Defendant, Susan A. Mitchell. Despite such notice and demand for payment, Defendant, Susan A. Mitchell, has failed, neglected, or refused to fully pay the Susan Income Tax Liabilities.

19.     After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the Susan Income Tax Liabilities had a $221,439.84 unpaid balance due of as of February 15, 2024.

20.     This action has been commenced within the applicable statute of limitations, 26 U.S.C. § 6502, because the standard 10-year period for collection on the earliest assessment—on June 8, 2015—of the Susan Income Tax Liabilities has not yet expired.

21.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment determining that Defendant, Susan A. Mitchell, is liable to the United States for the Susan Income Tax Liabilities described above in the aggregate amount of $221,439.84 as of February 15, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601 and 6621, and 28 U.S.C. § 1961(c), until paid.

## COUNT 3
### JUDGMENT AGAINST THE MITCHELLS FOR JOINT INCOME TAX LIABILITIES

22.     On the following dates, a delegate of the Secretary of the Treasury assessed jointly against Defendants, Royce E. Mitchell and Susan A. Mitchell, the following federal income taxes and penalties (collectively, the "Joint Income Tax Liabilities"), which have balances due with accruals and costs as of February 15, 2024, as follows:

| Tax Period | Assessment Date | Assessment Type | Amount Assessed | Balance Due 02/15/2024 |
|---|---|---|---|---|
| 2007 | 02/24/2014 | Tax | $20,238.00 | $50,574.47 |
|  | 02/24/2014 | Estimated Tax Underpayment Penalty | $921.08 |  |
|  | 02/24/2014 | Late Filing Penalty | $4,553.55 |  |
|  | 02/24/2014 | Late Payment Penalty | $5,059.50 |  |
| 2008 | 03/03/2014 | Tax | $12,099.00 | $32,062.94 |
|  | 03/03/2014 | Estimated Tax Underpayment Penalty | $237.36 |  |
|  | 03/03/2014 | Late Filing Penalty | $2,722.27 |  |
|  | 03/03/2014 | Late Payment Penalty | $3,024.75 |  |
| 2009 | 03/10/2014 | Tax | $16,780.00 | $42,903.75 |
|  | 03/10/2014 | Estimated Tax Underpayment Penalty | $321.87 |  |
|  | 03/10/2014 | Late Filing Penalty | $3,775.50 |  |
|  | 03/10/2014 | Late Payment Penalty | $3,943.30 |  |
|  | 11/04/2019 | Late Payment Penalty | $251.70 |  |
| **Total** |  |  |  | **$125,541.16** |

23. A delegate of the Secretary of the Treasury gave notice and demand for payment of the Joint Income Tax Liabilities to the Mitchells. Despite such notice and demand for payment, the Mitchells have failed, neglected, or refused to fully pay the Joint Income Tax Liabilities.

24. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the Joint Income Tax Liabilities had a $125,541.16 unpaid balance due of as of February 15, 2024.

25. This action has been commenced within the applicable statute of limitations, 26 U.S.C. § 6502, because the standard 10-year period for collection on the earliest assessment—on February 24, 2014—of the Joint Income Tax Liabilities has not yet expired.

26. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment determining that Defendants, Royce E. Mitchell and Susan A. Mitchell, are jointly and severally liable to the United States for the Joint Income Tax Liabilities described above in the aggregate amount of $125,541.16 as of February 15, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601 and 6621, and 28 U.S.C. § 1961(c), until paid.

### COUNT 4
### ALTER EGO DETERMINATION

27. In September 1997, the Mitchells purchased through the internet a bogus trust package promoted by Innovative Financial Consultants ("IFC"). IFC falsely claimed that its customers could lawfully avoid income taxes by placing their income and assets into trust packages, all while retaining use, control, and dominion over those assets. *See* Press Release, Department of Justice, Promoter of Sham Trusts Pleads Guilty to Tax Fraud Charges in Ariz. (June 7, 2004), https://www.justice.gov/archive/opa/pr/2004/June/04_tax_394.htm.

28. As part of the package purchased from IFC, the Mitchells established two irrevocable common law trusts: AIM Group and RESAM Holdings. The AIM Group Trust purported to be for the benefit of Defendant, Royce E. Mitchell's children. The RESAM Holdings Trust purported to be for the benefit of Defendant, Susan A. Mitchell's children.

29. The Mitchells appointed their friend, Steve Croes as Trustee for the AIM Group Trust and their friend, Clifford Williams as Trustee for the RESAM Holdings Trust. After Clifford Williams's death, Steve Croes was appointed as Trustee for the RESAM Holdings Trust. Defendant, Steve Croes, remains the Trustee for both the AIM Group and the RESAM Holdings Trusts, as of the date of this filing.

30. In January 1998, Defendants, Royce E. Mitchell and Susan A. Mitchell, in their respective capacities as "Managing Directors" of the AIM Group and the RESAM Holdings Trusts, formed A.I.M. Controls, LLC, naming the AIM Group and the RESAM Holdings Trusts as the sole two members/owners.

31. A.I.M. Controls, LLC is separate from the Mitchells in name only. In reality, they are one and the same. The Mitchells do not conduct any ascertainable business through A.I.M. Controls, LLC. Instead, they use A.I.M. Controls, LLC as a personal piggybank, living through the entity to shelter their personal assets from collection.

32. Several times through the years, the Mitchells have written checks to themselves out of A.I.M. Controls, LLC's operating account, made sham loans to A.I.M. Controls, LLC that had no repayment structure and charged zero interest, paid personal expenses using A.I.M. Controls, LLC's business bank accounts and credit cards, used business assets (including, business vehicles) solely for personal use, and listed business assets as their own, personal assets on loan applications.

33. Pursuant to 26 U.S.C. § 7402(a) and common law, an alter ego of a debtor may be held liable for debts owed by the debtor, and the alter ego's assets may be reached to satisfy those debts. *See, e.g.*, *Zahra Spiritual Trust v. United States*, 910 F.2d 240, 244–45 (5th Cir. 1990). It is well-settled that property held by a taxpayer's alter ego may be subjected to a federal tax lien or levy. *See, e.g.*, *G.M. Leasing Corp v. United States*, 429 U.S. 338, 350–51 (1977). "The alter-ego doctrine focuses on the relationship between a debtor and an entity. If a debtor uses a corporation as an instrumentality to avoid legal obligations, the corporation's assets may be levied to satisfy the debtor's obligations." *United States v. L & L Int'l, Inc.*, No. H-17-923, 2020 U.S. Dist. LEXIS 5034, at *5 (S.D. Tex. Jan. 13, 2020).

34. The Mitchells have enjoyed the benefits of A.I.M. Controls, LLC's separate legal status without respecting the required corporate formalities to maintain such separate legal status. They exercise complete dominion and control over A.I.M. Controls, LLC and have used that control to live through A.I.M. Controls, LLC. For example, the Mitchells have regularly written checks to themselves out of A.I.M. Controls, LLC's bank accounts, paid their personal and household expenses with A.I.M. Controls, LLC's bank accounts and business credit cards, and purchased and registered vehicles through A.I.M. Controls, LLC that they intended to (and did) use solely as personal vehicles.

35. The Mitchells have diverted to A.I.M. Controls, LLC property—including, the properties against which the United States seeks to enforce its federal tax liens in this suit—that they wished to protect from their creditors, while retaining the benefits of true ownership of such property.

36. Accordingly, the United States seeks a judgment determining that Defendant, A.I.M. Controls, LLC, is an Alter Ego of Defendants, Royce E. Mitchell and Susan A. Mitchell,

and holding that Defendant, A.I.M. Controls, LLC, is liable for the debts owed to the United States by the Mitchells.

## COUNT 5
### ENFORCE FEDERAL TAX LIENS AGAINST 3916 ANDERSON ROAD, Houston, Texas 77053

37. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal, or failure by the Mitchells to pay the tax liabilities described above after notice and demand, federal tax liens arose on the dates of the assessments and attached to all the property and rights to the property belonging to Defendants, Royce E. Mitchell and Susan A. Mitchell, and their Alter Ego Entity, Defendant, A.I.M. Controls, LLC.

38. On August 15, 2019, in accordance with 26 U.S.C. § 6323(f), the Internal Revenue Service publicly filed with the County Clerk of Harris County, Texas, Notices of Federal Tax Lien against Royce E. Mitchell, Individually for the Royce Income Tax Liabilities for tax years 2001, 2003, 2004, 2005, and 2006 (the "Royce NFTL") and against Susan A. Mitchell, Individually for the Susan Income Tax Liabilities for tax years 2003, 2004, 2005, and 2006 (the "Susan NFTL").

39. Also on August 15, 2019, in accordance with 26 U.S.C. § 6323(f), the Internal Revenue Service publicly filed with the County Clerk of Harris County, Texas, a Notice of Federal Tax Lien against the Mitchells jointly for the Joint Income Tax Liabilities for tax years 2007, 2008, and 2009 (the "Joint NFTL").

40. On June 10, 2020, after determining that A.I.M. Controls, LLC was a sham entity that lacked economic substance and that the Mitchells formed and used only for the purpose of tax avoidance, the Internal Revenue Service publicly filed, in accordance with 26 U.S.C. § 6323(f), three separate Notices of Federal Tax Lien against A.I.M. Controls, LLC, as Alter Ego of the Mitchells, with respect to the taxes and tax periods noted in the Royce Notice of Federal Tax Lien, Susan Notice of Federal Tax Lien, and Joint Notice of Federal Tax Lien, respectively.

41. The first piece of real property against which the United States seeks to enforce its federal tax liens is located at 3916 Anderson Road, Houston, Texas, 77053, and consists of 10,941 square feet of land, along with all the improvements, buildings, and appurtenances thereon, with the legal description TR 5B, GARDEN PLACE TO ALMEDA ("3916 Anderson"). 3916 Anderson is more fully described in the county deed records as:

> A FIELDNOTE DESCRIPTION of a tract of land located in Harris County, Texas, situated in the N. B. Waters Survey, Abstract No. 872, being out of Lot 4, of Garden Place Addition to Almeda as recorded in Volume 78, Page 628 of the said County Deed Records, and said tract being more particularly described by metes and bounds as follows:
>
> COMMENCING at a 5/8-inch iron rod found on the intersection of the North right-of-way line of Anderson Road (60-foot R.O.W.) and the West right-of-line of Bathurst Drive;
>
> THENCE, North 89 deg. 58 min. 25 sec. West, along said North line, a distance of 175.00 feet to a ½-inch iron rod with cap found for the POINT OF BEGINNING of the herein described tract of land;
>
> THENCE, North 89 deg. 58 min. 25 sec. West, along said North line, a distance of 100.00 feet a 5/8-inch iron rod found for corner;
>
> THENCE, North 00 deg. 01 min. 35 sec. East, along the East line of that certain tract recorded under Clerks File No. E-282709 of the said County Real Property Records, a distance of 109.41 feet to a 1/2-inch iron rod with cap set for corner on the South line of Block 10 of Wildheather, Section 2 as recorded in Volume 96, Page 48 of the said Map Records;
>
> THENCE, South 89 deg. 58 min. 25 sec. East, along said South line, a distance of 100.00 feet to a 1/2-inch iron rod with cap set for corner;
>
> THENCE, South 00 deg. 01 min. 35 sec. East, along the West line of that certain tract recorded under Clerks File No. G-657652 of said Property Records, a distance of 109.41 feet to the POINT OF BEGINNING and containing 0.251 acres of land more or less.
>
> Subject to: All covenants, conditions, easements and restrictions of record.
>
> Deed Reference: Being the property conveyed to A.I.M. Controls, LLC, by correction warranty deed of Royce Mitchell, TR, and Susan Mitchell, TR, dated June 15, 2017, and recorded with the Harris County Clerk at file number and film code RP-2017-276779, on June 21, 2017.

42. On January 27, 2004, the Mitchells executed a Special Warranty Deed to purchase 3916 Anderson Road, Houston, Texas, 77053. The Special Warranty Deed listed the Mitchells as the Grantees.

43. Not until over thirteen years later, after the Internal Revenue Service made the income taxes assessments alleged above, did the Mitchells execute a "Correction Warranty Deed," on June 15, 2017, that redefined the Grantee as A.I.M. Controls, LLC. The Correction Warranty Deed was recorded in the County Deed Records on June 21, 2017, effectively shifting nominal ownership of 3916 Anderson Road, Houston, Texas, 77053 from the Mitchells to A.I.M. Controls, LLC.

44. 3916 Anderson Road, Houston, Texas, 77053 is one of the pieces of real property that the Mitchells have diverted to their Alter Ego Entity, Defendant, A.I.M. Controls, LLC, to attempt to shield such property from collection by their creditors. The United States is entitled to enforce its federal tax liens against property held by the Mitchells' Alter Ego Entity—Defendant, A.I.M. Controls, LLC—to satisfy the tax liabilities at issue in this suit.

45. Additionally, the United States is entitled to collect liabilities of a taxpayer against property held in the name of such taxpayer's Nominee. *See, e.g.*, *Oxford Cap. Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000). Though 3916 Anderson Road, Houston, Texas, 77053 is titled in the name of A.I.M. Controls, LLC, the Mitchells are the true owners, and A.I.M. Controls, LLC merely holds 3916 Anderson Road, Houston, Texas, 77053 as the Mitchells' Nominee.

46. The nominee doctrine focuses on the relationship between a debtor and certain property, with the ultimate inquiry being whether the taxpayer has engaged in a legal fiction by

placing legal title to property in the hands of a third party while retaining some or all the benefits of true ownership. Factors indicating a nominee situation include:

> (a) No consideration or inadequate consideration paid by the nominee; (b) Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property; (c) Close relationship between transferor and the nominee; (d) Failure to record conveyance; (e) Retention of possession by the transferor; and (f) Continued enjoyment by the transferor of benefits of the transferred property.

*Id.* at 284 n.1.

47. Many of the above factors are present here. Defendant, A.I.M. Controls, LLC, paid no consideration in exchange for its receipt of 3916 Anderson Road, Houston, Texas 77053 from the Mitchells by a supposed "Correction Warranty Deed" over thirteen years after the Mitchells originally acquired the property. The Mitchells transferred 3916 Anderson Road, Houston, Texas 77053 to Defendant, A.I.M. Controls, LLC, shortly after many of the assessments at issue in this suit were made and shortly after the Internal Revenue Se began instituting collection proceedings with respect to such assessments. The Mitchells and Defendant, A.I.M. Controls, LLC, are closely related in that the Mitchells established and are "Managing Directors" of the Trusts that own A.I.M. Controls, LLC. Finally, the Mitchells have retained possession and continued enjoyment of 3916 Anderson Road, Houston, Texas 77053 by continually—as discussed above—exercising authority over A.I.M. Controls, LLC. Indeed, the Mitchells have admitted as much by claiming to own 3916 Anderson Road, Houston, Texas, 77053 as a personal asset on various credit applications, including, a Home Equity Refinance Loan Application submitted to Frost Bank on or around May 1, 2013.

48. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce, by foreclosure sale or other court orders, the federal tax liens described above against 3916 Anderson Road, Houston, Texas 77053, held by the Mitchells' Alter Ego and Nominee, Defendant, A.I.M.

Controls, LLC. In particular, the United States is entitled to have 3916 Anderson Road, Houston, Texas 77053 sold in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds to be distributed in accordance with the law as determined by this Court.

## COUNT 6
### ENFORCE FEDERAL TAX LIENS AGAINST 3920 ANDERSON ROAD, Houston, Texas 77053

49. The United States incorporates by reference paragraphs 37 through 40 above as if set forth fully in this Count.

50. The second piece of real property against which the United States seeks to enforce its federal tax liens is located at 3920 Anderson Road, Houston, Texas 77053, and consists of 20,351 square feet of land, along with all the improvements, buildings, and appurtenances thereon, with the legal description TR 5A-1, GARDEN PLACE TO ALMEDA ("3920 Anderson"). 3920 Anderson is more fully described in the County Deed Records as:

> BEING 0.4666 acre (20,326 sq. ft.), out of the certain 2.2951 acres tract of land, and being out of the south part of an 87.33 acre tract of land in Harris County, Texas and being part of Garden Place Addition to Almeda, Texas, according to the plat as recorded in Volume 78, Page 628, of the Deed records of Harris County, Texas, and also being out of that certain 87.83 acre tract of land conveyed to J.E. Price by instrument dated the 16th day of November, 1937, and recorded in Volume 1067, Page 584 of the Deed Records of Harris County, Texas, and instrument dated the 4th day of August, 1944, and recorded in Volume 1338, Page 29 of the Deed Records of Harris County, Texas, more particularly described as follows: (Bearings based on Volume 96, Page 46, H.C.M.R.)
>
> COMMENCING at the northwest corner of the intersection of Bathurst Drive and Anderson Road, being located North 89° 58' 25" West a distance of 178.49 feet from the southeast corner of the above 87.33 acre tract of land;
>
> THENCE, North 89° 58' 25" West, along the north right of way line of Anderson Road a distance of 275.00 feet to a ½ inch iron rod found marking the POINT OF BEGINNING of the herein described tract of land;
>
> THENCE, North 89° 58' 25" West, continuing along the north line of Anderson Road, a distance of 186.00 feet to a ½ inch iron road set for the southwest corner

of the herein described tract of land;

THENCE, North, a distance of 109.24 feet to a ½ inch iron rod set for the northwest corner of the herein described tract on the south line of Wildheather Addition, Section 2, according to the map or plat thereof recorded in Volume 96, Page 46, H.C.M.R.

THENCE, East, a distance of 186.00 feet along the south line of said Wildheather Addition, Sec. 2 to a ½ inch iron rod found for the northeast corner of the herein described tract;

THENCE, South, along the west line of C.C.F.N. X356489 a distance of 109.32 feet to the POINT OF BEGINNING and containing 20,326 square feet or 0.4666 acre of land more or less.

Subject to: All covenants, conditions, easements and restrictions of record.

Deed Reference: Being the property conveyed to A.I.M. Controls, LLC, by warranty deed of Shelia Renay Viser Land, individually and as Independent Executrix of the Estate of Era Land, Jr., Deceased, dated November 30, 2015, and recorded with the Harris County Clerk as document number by correction warranty deed of Royce Mitchell, TR, and Susan Mitchell, TR, dated June 15, 2017, and recorded with the Harris County Clerk at file number 20150540522 and film code ER076711815, on December 1, 2015.

51. The Mitchells, through their Alter Ego and Nominee, Defendant, A.I.M. Controls, LLC, purchased 3920 Anderson Road, Houston, Texas 77053 by Warranty Deed dated November 30, 2015, shortly after the Internal Revenue Service made most of the income tax assessments at issue in this suit.

52. 3920 Anderson Road, Houston Texas 77053 is another piece of real property that the Mitchells diverted to their Alter Ego Entity, Defendant, A.I.M. Controls, LLC, in an attempt to shield it from collection by their creditors. The United States is entitled to enforce its federal tax liens against property held by the Mitchells' Alter Ego Entity—Defendant, A.I.M. Controls, LLC,—to satisfy the tax liabilities at issue in this suit.

53. Additionally, the United States is entitled to collect liabilities of a taxpayer against property held in the name of such taxpayers' Nominee. *See, e.g., Oxford Cap. Corp. v. United*

*States*, 211 F.3d 280, 284 (5th Cir. 2000). Though 3920 Anderson Road, Houston, Texas 77053 is titled in the name of A.I.M. Controls, LLC, the Mitchells are the true owners, and A.I.M. Controls, LLC merely holds 3920 Anderson Road, Houston, Texas 77053 as the Mitchells' Nominee.

54. Many of the factors referenced above (in paragraph 46) indicating a Nominee situation are present with respect to 3920 Anderson Road, Houston, Texas 77053.

55. The Mitchells purchased 3920 Anderson Road, Houston Texas 77053 through their Alter Ego Entity, Defendant A.I.M. Controls, LLC, for their own personal benefit and enjoyment. Accordingly, Defendant A.I.M. Controls, LLC, did not pay consideration for effectively acquiring 3920 Anderson Road, Houston, Texas 77053 from the Mitchells. Rather than directly acquiring 3920 Anderson Rad, Houston, Texas 77053, the Mitchells purchased 3920 Anderson Road, Houston, Texas 77053 through their Alter Ego Entity, Defendant, A.I.M. Controls, LLC, to shield it from collection by the Mitchells' creditors, including, the Internal Revenue Service, which had shortly beforehand assessed—and began collection proceedings for—most of the tax liabilities at issue in this suit.  The Mitchells and Defendant, A.I.M. Controls, LLC are closely related in that the Mitchells established and are "Managing Directors" of the Trusts that own A.I.M. Controls, LLC. Finally, the Mitchells have retained possession and continued enjoyment of 3920 Anderson Road, Houston, Texas 77053 by continually—as discussed above—exercising authority over A.I.M. Controls, LLC.

56. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce, by foreclosure sale or other court orders, the federal tax liens described above against 3920 Anderson Road, Houston, Texas 77053, held by the Mitchells' Alter Ego and Nominee, Defendant A.I.M. Controls, LLC. In particular, the United States is entitled to have 3920 Anderson Road, Houston, Texas 77053 sold in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the

rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds to be distributed in accordance with the law as determined by this Court.

## PRAYER

For the reasons described above, the United States of America prays for a judgment:

A. Determining that Defendant, Royce E. Mitchell, is liable and indebted to the United States for his income tax liabilities arising out of tax years 2001, 2003, 2004, 2005, and 2006, in the aggregate amount of $285,353.60 as of February 15, 2024, plus statutory additions and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. §§ 6601 and 6621, and 28 U.S.C. § 1961(c), until paid;

B. Determining that Defendant, Susan A. Mitchell, is liable and indebted to the United States for her income tax liabilities arising out of tax years 2003, 2004, 2005, and 2006, in the aggregate amount of $221,439.84 as of February 15, 2024, plus statutory additions and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. §§ 6601 and 6621, and 28 U.S.C. § 1961(c), until paid;

C. Determining that Defendants, Royce E. Mitchell and Susan A. Mitchell, are jointly and severally liable to the United States for their joint income tax liabilities arising out of tax years 2007, 2008, and 2009, in the aggregate amount of $125,541.16 as of February 15, 2024, plus statutory additions and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. §§ 6601 and 6621, and 28 U.S.C. § 1961(c), until paid;

D. Determining that A.I.M. Controls, LLC is an Alter Ego of Defendants, Royce E. Mitchell and Susan A. Mitchell, and that the Mitchells are the true owners of the property held by A.I.M. Controls, LLC;

E. Determining that A.I.M. Controls, LLC, holds 3916 Anderson Road, Houston, Texas 77053 and 3920 Anderson Road, Houston, Texas 77053 as a Nominee for Defendants, Royce E. Mitchell and Susan A. Mitchell, and that Defendants, Royce E. Mitchell and Susan A. Mitchell, are the true owners of 3916 Anderson Road, Houston, Texas 77053 and 3920 Anderson Road, Houston, Texas 77053;

F. Ordering that the federal tax liens securing payment of the tax liabilities described in this Complaint may be foreclosed or enforced by other court orders against 3916 Anderson Road, Houston, Texas 77053 by sale of 3916 Anderson Road, Houston, Texas 77053 in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed in accordance with the law as determined by this Court;

G. Ordering that the federal tax liens securing payment of the tax liabilities described in this Complaint may be foreclosed or enforced by other court orders against 3920 Anderson Road, Houston, Texas 77053 by sale of 3920 Anderson Road, Houston, Texas 77053 in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed in accordance with the law as determined by this Court; and

H. Awarding the United States such other and further relief as this Court deems just and proper, including, its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 23, 2024. | DAVID A. HUBBERT<br>Deputy Assistant Attorney General |
|  | /s/ *Robert Luke Graham*<br>Robert Luke Graham<br>State Bar No.: 24127305<br>S.D. Tex. Bar No.: 3803360<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>717 N. Harwood, Suite 400<br>Dallas, Texas 75201<br>Telephone: (214) 880-9734<br>Fax: (214) 880-9721<br>Email: Robert.L.Graham@usdoj.gov |
|  | ATTORNEYS FOR THE UNITED STATES |