United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:24-cv-00646 |
| | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ROYCE E. MITCHELL, | § | |
| *et al*, | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

This action concerns tax liability assessments by the IRS against Defendants Royce and Susan Mitchell. Dkt 1. The United States filed this suit in 2024 against the Mitchells for assessed but unpaid income taxes for tax years 2001 and 2003 through 2009. Id at 1 & 18. As part of that suit, the United States seeks a determination that Defendant A.I.M. Controls, LLC, which is owned by two trusts, is actually an alter ego of the Mitchells and is liable for their outstanding tax liability. Id at 1. Defendant Steve Croes is a trustee of those trusts. Id at ¶6.

A.I.M. Controls is represented by counsel. The Mitchells and Croes proceed here *pro se*. Pending are eleven motions filed by the parties, two of which are dispositive motions. See Dkts 121, 130, 131, 133, 134, 145, 155, 157, 161, 162 & 168.

The matter was referred for disposition to Magistrate Judge Peter Bray. Dkt 76. Pending is his Memorandum and Recommendation and Order by which he resolves the non-dispositive motions and recommends dispositions for

the dispositive motions. Dkt 171. In sum, these rulings resolve the pending motions as follows:

- Deny a motion by A.I.M. Controls to undeem admissions, Dkt 133, and grant in part a motion by the Mitchells and Croes to undeem admissions, Dkt 134;
- Terminate as moot a letter motion by the Mitchells and Croes for discovery, Dkt 145;
- Grant the motion by the Mitchells and Croes for leave to file late response to the motion for summary judgment by the United States, Dkt 155;
- Grant in part motions by the United States to strike, Dkts 157 & 161;
- Grant motion by A.I.M. Controls for leave to file exhibits, Dkt 168;
- Deny the motions by the Mitchells for sanctions and to remove the United States as counsel, Dkts 121 & 162;
- Recommend denying the motion to dismiss by the Mitchells, Dkt 130; and
- Recommend granting the motion for summary judgment by the United States, Dkt 131.

Defendant A.I.M. Controls filed timely objections to the Memorandum and Recommendation. Dkt 179.

Defendants Royce and Susan Mitchell filed objections that were docketed on September 9, 2026, nine days after the August 31st deadline. Dkt 181. The filing includes a scan of the certified mail envelope that shows a mailing date of August 26, 2026. Id at 52. The objections will thus be considered as timely. See FRCP 5(b)(2)(C) (service by mail occurs on date document was mailed).

The United States filed responses to the objections by Defendants. Dkts 180 & 182. The Mitchells and A.I.M. Controls filed replies. Dkts 183 & 184.

1. Orders on non-dispositive matters

A district court will set aside a non-dispositive order of a magistrate judge to which a party has specifically objected only if it is clearly erroneous or contrary to law. See FRCP 72(a) & 28 USC §636(b)(1)(A); see also *Castillo v Frank*, 70 F3d 382, 385 (5th Cir 1995).

*As to the motions to undeem admissions by A.I.M. Controls (Dkt 133) and by the Mitchells and Steve Croes (Dkt 134)*, the Magistrate Judge found that A.I.M. Controls wasn't diligent in pursuing withdrawal of admissions, but that the Mitchells could be granted relief under Rule 36(b). Dkt 171 at 8–9. A.I.M. Controls objects that it was never properly served the admissions by the United States. Dkt 179 at 7–9. The United States responds that A.I.M. Controls was served by mail, which is sufficient under Rule 5(b)(2)(C). Dkt 180 at 3. This is correct. But even if there were a deficiency in service, Judge Bray noted that he didn't rely on the admissions in his analysis. See Dkt 171 at 8 n1. As such, no clear error appears.

*As to the letter motion for discovery by the Mitchells and Croes (Dkt 145)*, the Magistrate Judge terminated the letter as moot in light of his ruling on the motion to undeem admissions. See Dkt 171 at 9–10. No objections were filed.

*As to the motion by the Mitchells and Croes for leave to file late response to the United States' motion for summary judgment (Dkt 155)*, the Magistrate Judge granted the motion. See Dkt 171 at 41. No objections were filed.

*As to the motions to strike by the United States (Dkts 157 & 161)*, the Magistrate Judge granted them in part, striking as unfounded only the portions that accused the IRS and its counsel of perjury. See Dkt 171 at 13–14. No objections were filed.

*As to the motion for leave to file exhibits by A.I.M. Controls (Dkt 168)*, the Magistrate Judge granted the motion. See Dkt 171 at 41. No objections were filed.

*As to the motions for sanctions and to remove the United States as counsel by the Mitchells (Dkts 121 & 162)*, the Magistrate Judge found that the Mitchells hadn't shown

that the United States or its counsel engaged in any sanctionable conduct. See Dkt 171 at 41. No objections were filed.

In light of the above, all orders by the Magistrate Judge on non-dispositive matters will be adopted.

2. Recommendations on dispositive motions

A district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

*As to the motion to dismiss by the Mitchells (Dkt 130)*, the Magistrate Judge found subject matter jurisdiction existed to decide this case because (i) the Mitchells are citizens of the United States and thus subject to the provisions of the Internal Revenue Code, and (ii) the district courts have jurisdiction to consider cases arising under federal laws, including the Internal Revenue Code, pursuant to 28 USC §1331. Dkt 171 at 4–5. The Mitchells filed objections related to their contention that they are sovereign citizens and, as such, are not subject to the laws of the United States. See generally Dkt 181.

On *de novo* review, this argument fails because it is foreclosed by Fifth Circuit precedent. See *United States v Masat*, 948 F2d 923, 934 (5th Cir 1991). The Mitchells have been admonished in the course of this litigation to refrain from making this frivolous argument. Dkt 96 at 3.

*As to the motion for summary judgment by the United States (Dkt 131)*, the Magistrate Judge summarized the evidence in the record and found no genuine dispute of material fact to exist as to the following:

- The Mitchells are liable to the United States for the unpaid income tax assessed against them, Dkt 171 at 14–28 (evidence), 29–31 (finding);
- A.I.M. Controls is liable for the Mitchells' tax income liabilities because it is their alter ego and the Trusts that own it are their nominees rather than the true owners, Dkt 171 at 32–39; and
- The liens for the Mitchells' income tax liabilities attach to the Anderson Properties, which are titled to A.I.M. Controls, Dkt 171 at 39–40.

See also Dkt 171 at 41. As such, he recommends that the motion for summary judgment be granted. Dkt 131.

The Mitchells and A.I.M. Controls filed objections. Dkts 179 at 4 & 181 at 11–14. The Mitchells object that the recommendation relies on deposition testimony and documents not properly before the Court. Dkt 181 at 4. They also argue that the instructions as to the submission of summary judgment evidence from the Magistrate Judge were unclear. Id at 5. And they assert that the Magistrate Judge failed to consider the evidence related to their sovereign citizen argument. Id at 7.

To the contrary, the Magistrate Judge properly managed the briefing and evidence gathering process for the motion for summary judgment. As he explained, the Mitchells refused to comply with court orders and lost the chance to submit certain evidence and objections. Dkt 171 at 3. And as already noted, the sovereign-citizen argument is frivolous, with evidence in support of it being properly disregarded. See *Masat*, 948 F2d at 934. On *de novo* review, it is thus clear that Magistrate Judge properly directed and controlled the summary judgment process and considered the appropriate evidence.

A.I.M. Controls argues that the Magistrate Judge didn't consider Royce Mitchell's unsworn declaration. Dkt 179 at 11–13. But Judge Bray did consider the content of the declaration, apart from the stricken perjury

allegations. Dkt 171 at 13–14. And he specifically noted that he considered evidence beyond what was written in the memorandum and recommendation. Dkt 171 at 3. On *de novo* review, the objections lack merit and will be overruled.

* * *

To the extent that Defendants Royce Mitchell, Susan Micthell, and A.I.M. Controls, LLC, object to the Order of the Magistrate Judge, the objections are OVERRULED. Dkts 179 & 181.

The Order of the Magistrate Judge is ADOPTED as the Order of this Court. Dkt 171. As such, the related motions are resolved as follows:

- The motion to undeem admissions by A.I.M. Controls is DENIED. Dkt 133.
- The motion to undeem admissions by the Mitchells and Croes is GRANTED IN PART and DENIED IN PART AS MOOT. Dkt 134.
- The letter motion for discovery by the Mitchells and Croes is TERMINATED AS MOOT. Dkt 145.
- The motion by the Mitchells and Croes for leave to file late response to the United States' motion for summary judgment is GRANTED. Dkt 155.
- The motions to strike by the United States are GRANTED IN PART. Dkts 157 & 161.
- The motion for leave to file exhibits by A.I.M. Controls is GRANTED. Dkt 168.
- The motions for sanctions and to remove United States as counsel by the Mitchells are DENIED. Dkts 121 & 162.

The objections by Defendants Royce Mitchell, Susan Micthell, and A.I.M. Controls, LLC, to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkts 179 & 181.

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 171.

The motion to dismiss by Defendants Royce Mitchell and Susan Mitchell is DENIED. Dkt 130.

The motion for summary judgment by Plaintiff United States is GRANTED. Dkt 131.

The final summary judgment order will be entered separately.

SO ORDERED.

Signed on September 29, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge